IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISON

NO. 7:04-CR-119-FL-1
NO. 7:10-CV-207-FL

| | |
|---|---|
| LEON KEITH JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

The matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 101). Also before the court is the motion to dismiss (DE # 121) filed by respondent the United States of America ("respondent"). Although petitioner was notified of respondent's motion, he failed to respond. In this posture, the matter is ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's § 2255 motion.

## STATEMENT OF THE CASE

On December 20, 2004, petitioner entered a plea of guilty, pursuant to a written plea agreement, to conspiracy to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 846 and to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(1). On June 22, 2005, the court sentenced petitioner to consecutive terms of one hundred thirty-two (132) months imprisonment for his conspiracy count and sixty (60) months imprisonment for his possession of a firearm count. The court also sentenced petitioner to a five-year term of supervised release, an eight thousand nine hundred dollar ($ 8,900)

fine, one thousand ten ($1,010) dollars in restitution, and a two hundred dollar ($200) special assessment. Petitioner waived his right to file an appeal in his plea agreement, and did not file a direct appeal.

On November 5, 2008, petitioner filed a *pro se* motion for specific performance. In his motion, petitioner alleged that the court should have sentenced him to a single term of imprisonment, and that his firearm count could not be consecutive to any other term of imprisonment pursuant to United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). On January 12, 2010, the court entered an order notifying petitioner of its intent to recharacterize his motion for specific performance as a motion pursuant to 28 U.S.C. § 2255. The court allowed petitioner to file a response to its proposed recharacterization within twenty-one (21) days. Petitioner complied and opposed this court's recharacterization of his motion. On October 14, 2010, however, the court stated that petitioner's motion was in fact a § 2255, and would be construed as such in this action.

On November 22, 2010, respondent filed a motion to dismiss, arguing that petitioner waived, in his plea agreement, his right to challenge his conviction or sentence in a post-conviction proceeding. Alternatively, respondent argues that the action is time-barred and that his Whitley claim is meritless. Petitioner did not respond to respondent's motion to dismiss.

## DISCUSSION

A.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint

2

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Respondent argues that petitioner waived the right to bring the claim presented in his § 2255 motion. A criminal defendant may waive his right to appeal as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A defendant also may waive his right under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. Id. Additionally, the issue being appealed or raised in the collateral attack must be within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

Petitioner entered his plea of guilty pursuant to a plea agreement, which contained an appellate waiver in which petitioner agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the Government of any of its rights to appeal provided by law.

(DE # 44 at 2.) At petitioner's sentencing, the court conducted a Rule 11 inquiry and found that petitioner was competent, that he had a full and complete understanding of the nature of the charge and the punishment he faced, that a sound factual basis existed to support the guilty plea, and that petitioner's plea was, in fact, freely and voluntarily entered. Petitioner testified that he had reviewed the plea agreement with his attorney and that he understood its provisions. The court specifically questioned petitioner about the waiver provisions, and petitioner indicated that he understood he was waiving his appellate rights. Based upon the foregoing, the court finds that petitioner's assent to the plea agreement waiver was knowing and voluntary.

Based upon the language in the appeal waiver, only claims of ineffective assistance of counsel and certain claims of prosecutorial misconduct are outside of the scope of petitioner's waiver. Petitioner's claim regarding his challenge pursuant to <u>Whitley</u> does not fall within these excepted claims, and is within the scope of his waiver. Because petitioner waived his claim in his plea agreement, it is not reviewable in a post-conviction action. <u>See</u> <u>Lemaster</u>, 403 F.3d at 220 (a defendant may waive in a plea agreement his right under 28 U.S.C. § 2255 to attack his conviction and sentence collaterally). Therefore, respondent's motion to dismiss is GRANTED.

B.  Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE # 121) is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 101) is DENIED. The certificate of appealability is DENIED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge